IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Carlos Reid,                                ) | |
|                 Petitioner,   ) | |
|                               ) | C.A. No.: 2:06-202-PMD |
| v.                                               ) | |
|                               ) | **AMENDED ORDER** |
| United States of America,          ) | |
|                               ) | |
|                 Respondent. ) | |

This matter is before the court upon Petitioner Carlos Reid's ("Reid") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The Government has filed a Motion for Summary Judgment, to which Petitioner has responded. For the reasons set forth below, the court grants the Government's Motion for Summary Judgment.

**BACKGROUND**

A two-count indictment, filed on February 10, 1999, charged Reid with conspiracy in violation of 18 U.S.C. § 371 and bank robbery in violation of 18 U.S.C. § 2113(a). Additionally, Reid was one of eight defendants charged in a nine-count indictment filed on May 13, 1999. Count One of the nine-count indictment charged Reid with a conspiracy to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and § 846.

On July 13, 1999, Reid pleaded guilty to the aforementioned counts. The government and Reid stipulated that at least 150 grams but less than 500 grams of cocaine base was involved. This court sentenced Reid on July 11, 2000, and on July 19, 2000, this court entered an Order of Judgment and Commitment, committing Reid to 181 months of imprisonment, to be followed by 5 years of supervised release. Reid filed the present § 2255 motion on January 18, 2006.

**STANDARD OF REVIEW**

Martin proceeds under 28 U.S.C. § 2255, which provides, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. On a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, the petitioner bears the burden of proving the grounds for collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). In deciding a § 2255 motion, the court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The court has thoroughly reviewed the motions, files, and records in this case and finds that no hearing is necessary.

## **DISCUSSION**

In his § 2255 motion, Reid claims that the Supreme Court's holdings in *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 125 S.Ct. 738 (2005), render his sentence unconstitutional. However, "neither *Blakely* nor *Booker* announced a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review," and therefore, they do not apply in this case to render Reid's sentence unconstitutional.[1] *United States v. Fowler*, 133 Fed.Appx. 922, 922-23 (4th Cir. 2005); *see, e.g., United States v. Thomas*, 2005 U.S. App. LEXIS 18052, *2-*4 (10th Cir. Aug. 23, 2005) (affirming the district court's denial of § 2255 claim because neither *Blakely* nor *Booker* apply retroactively to cases on collateral review); *United States v. Aikens*, 2005 U.S. App. LEXIS 16652, (3d Cir. Aug. 9, 2005) (same); *Humphress v. United*

---

[1] *Blakely* was decided on June 24, 2004, and *Booker* was decided on January 12, 2005.

*States*, 398 F.3d 855 (6th Cir. 2005) (same); *United States v. Marshall,* 117 Fed. Appx. 269, 270 n.1 (4th Cir. Dec. 22, 2004) ("*Blakely* would offer Marshall no relief because, *inter alia,* the Supreme Court has not made its ruling in *Blakely* retroactive to cases on collateral review."); *United States v. Johnson*, 353 F.Supp. 2d 656, 658 (E.D.Va. 2005) (holding that the new rule announced in *United States v. Booker* and *Blakely v. Washington* did not come within the exception to *Teague* rule barring retroactive application of new constitutional rules of criminal procedure on collateral review.); *see also United States v. Sanders*, 247 F.3d 139, 151 (4th Cir.2001) (holding that the rule announced in *Apprendi v. New Jersey,* 530 U.S. 466 (2000), the precursor to *Blakely*, is not retroactively applicable to cases on collateral review).  Accordingly, Reid's claim that the Supreme Court's holdings in *Blakely* and *Booker* render his sentence unconstitutional is wholly without merit.

## CONCLUSION

It is, therefore, **ORDERED**, for the foregoing reasons that the Government's Motion for Summary Judgment is **GRANTED**.  Reid's § 2255 motion is **DENIED**.

**AND IT IS SO ORDERED**.

**Charleston, South Carolina**
**April 5, 2006**

PATRICK MICHAEL DUFFY
United States District Judge

### NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Federal Rules of Appellate Procedure 3 and 4.  *See* Fed. R. App. P. 3-4.